## 31194. STATE MUTUAL INSURANCE COMPANY v. JOHNSON.

DECIDED APRIL 11, 1946.

*Nelson & Nelson, Graham Wright,* for plaintiff in error.
*E. L. Rowland, J. Roy Rowland,* contra.

FELTON, J. Mrs. Lila Lovett Johnson, as beneficiary, sued

State Mutual Insurance Company on a policy of insurance issued by the defendant to her husband, to recover $2000 principal, plus damages and attorneys' fees, under the terms of the policy providing that said amount would be due in the event the insured became totally and permanently disabled. The action was not for a death benefit. The jury found for the plaintiff for the principal, damages and attorneys' fees. The insurance company excepts to the judgment denying its motion for a new trial.

The policy sued on was primarily a life insurance policy, providing for the payment of $2000 to the plaintiff upon receipt of due proof of death of the insured while the policy was in force. The policy also contained the following provision: "Permanent Total Disability Benefits. If the insured under this policy shall furnish the Company with due proof that he has before having attained the age of 55 become wholly disabled by bodily injuries or disease, and will be permanently, continuously, and wholly prevented thereby for life from engaging in an occupation or employment for wage or profit, the Company will pay to him in full settlement of all obligations to him hereunder the amount of insurance then effective on his life in annual installments as hereinafter set forth as the insured may elect—no payment in either case to be made until six months after receipt of due proof of permanent total disability as aforesaid. The amount of each annual installment shall be twenty-one and four tenths percent of the amount of insurance on such life if payable in five installments; eleven and six-tenths percent if payable in ten installments; eight and four-tenths percent if payable in fifteen installments; six and eight-tenths percent if payable in twenty installments. Any installments remaining unpaid at the death of the insured shall be payable as they become due to the beneficiary nominated by the insured, who shall have the right to commute such remaining payments into one sum on the basis of interest at the rate of three and one-half percent per annum."

The only question for decision is whether the insured furnished the company with due proof that he had become wholly disabled and would be permanently, continuously, and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit. The only evidence of the submission of proof of disability was as follows: Letter, dated May 7, 1942, from

W. L. Thompson through W. L. Thompson Insurance Agency to State Mutual Insurance Company: "Re Policy No. 1366—Mr. H. T. Johnson. The family of Mr. Johnson requested me to advise you that Mr. Johnson has been completely disabled since the seventh of February, 1942, and may be disabled for some months or maybe years. Please send the necessary papers so Mr. Johnson may file them for his disability benefits. If I may further assist you in this matter, please advise me." Letter dated May 12, 1942, from the insurance company to W. L. Thompson: "Re Policy No. 1366—Herbert T. Johnson. Your letter of May 7th seems to have been somewhat delayed in reaching us. Kindly advise us the nature of Mr. Johnson's disability. We understand from your letter that you wrote at the request of his family, rather than at the instance of insured. Noting you advise that Mr. Johnson 'may be disabled for some months or maybe years,' we call attention to the fact that the disability benefits provided for in the policy are payable only in the event the insured is permanently disabled. That is, the contract does not provide for benefit payments for temporary disability—even if prolonged. Disability must be permanent as well as total. Upon receipt of the further information requested above we will advise further." Letter dated May 16, 1942, from W. L. Thompson through W. L. Thompson Insurance Agency: "Re Policy No. 1366—Mr. Johnson: I reply to your letter relative to above policy. Mr. Johnson's disability is exceedingly high blood pressure involving other troubles, affecting his eyes. When I said the family requested me to send you notice of disability, it should have been said, 'Mr. Johnson requested me to handle the matter for him since he was not able to attend to any work or handle any business affairs whatever.' You state your policy provides for payment of disability benefits only if the assured is permanently disabled; I doubt if there are very many cases where you can prove without any doubt, whatever, that a disability is permanent; nothing is certain except death and taxes; other companies presume a disability to be permanent after it has lasted for three to six months, and surely your interpretation of permanent disability cannot be so vastly different to what other companies think. I am glad to be of any assistance I can." Letter, dated May 20, 1942, from the insurance company to W. L. Thompson: "Re Policy No. 1366—Herbert T. John-

son. Referring to your letter of May 16th and to previous exchange of letters we now hand you herewith two forms—one for Notice of Permanent Total Disability to be filled out and signed by Mr. Johnson, and the other for Certificate of Attending Physician. Such forms are self-explanatory. The affidavit at the bottom of each should be executed before a Notary Public. Upon receipt of completed certificates we will give attention." W. L. Thompson testified that it was his recollection that he gave the letter and the forms to the insured. Letter, dated May 25, 1942, from the insured to the insurance company: "Re Policy No. 1366, Herbert T. Johnson, insured. Mr. Fulghum has written you a time or two at the request of the writer in regard to my insurance policy mentioned above. The writer has not completely recovered but since May 21st I have been at my desk a little while each day. The total number of days that I have been sick amounts to 104, 34 days of which was spent in Rawlings Sanitarium, Sandersville, Georgia, 6 days at St. Mary's Hospital in Rochester, Minnesota, making a total of 40 days in the hospital and a total of 64 days sickness at home, hotels, Mayo Clinic, and traveling to and from Rochester, Minnesota. Will thank you to give this matter your prompt attention." Letter dated May 27, 1942, from the insurance company to the insured: "Re Policy No. 1366. We are in receipt of your letter of May 25th, and have noted contents. You state that Mr. Fulghum has written us a 'time or two' at your request in regard to your policy. We have not received any letter from Mr. Fulghum, but we have had two from Mr. W. L. Thompson, of Wrightsville, concerning your policy, and have answered both. With our letter dated May 20th, addressed to Mr. Thompson, we sent form for Notice of Permanent Total Disability to be filled out by you; also form for Certificate of Attending Physician. We understood that Mr. Thompson wrote us at your request, hence addressed our reply to him. We assume that he has before this time referred to you our letter of May 20th with its enclosures. In view of the information given in your letter now before us, it seems in order to quote ours of May 12th addressed to Mr. Thompson: 'We call attention to the fact that the disability benefits provided for in the policy are payable only in the event the insured is permanently disabled. That is, the contract does not provide for benefit payments for temporary disability, even if prolonged.

Disability must be permanent as well as total.' If we can give further information or attention, let us know."

At the outset, let it be observed that the policy of insurance here involved was not a regular life-insurance policy having in addition to the death benefit a disability benefit. Proof of permanent and total disability would result in a conversion of the policy from a life-insurance policy to a disability-insurance policy, paid up, payable in installments over whatever period of years the insured elected under the terms of the policy. Since there is no provision in the policy to the effect that, after it is once converted into a disability policy, it can be reconverted into a life-insurance policy, the definition of permanent and total disability would necessarily be different from that in life-plus-disability policies; and before the insured would be entitled to a conversion of the policy to a disability policy, he would have to submit proof that he was reasonably certain that the disability would continue for the rest of his life. The correspondence set forth above shows that there was no proof whatever of total and permanent disability. In fact, the last letter from the insured to the company negatives even total disability, not to mention permanent disability, and submits a claim for partial disability for a period of days. Proof of total and permanent disability being a prerequisite to the liability of the company, and it appearing that none was furnished, the verdict was without evidence to support it. This action not being one for a death benefit, no ruling is made on that question. The court erred in overruling the motion for new trial.

*Judgment reversed. Sulton, P. J., and Parker, J., concur.*